*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RICHARD TRAVIS MARTIN,

        Defendant-Appellant.

UNPUBLISHED
August 15, 2024

No.   363036
Ottawa Circuit Court
LC No.   22-045059-FH

Before:  SWARTZLE, P.J., and K. F. KELLY and YOUNG, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial conviction of one count of operating a motor vehicle while intoxicated ("OWI"),[1] for which he was sentenced by the trial court to 90 days in jail.  Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On November 11, 2021, a resident of Woodwind Drive in Holland, Michigan was driving on Lakewood Boulevard at approximately 9:00 p.m., when he observed a vehicle come down Woodwind Drive, "coast" across Lakewood Boulevard, and "roll into" the grassy area, where it came to a stop.  The witness testified that after dropping his wife off at home, he went to check on the driver and found defendant unconscious in the driver's seat with his head slumped over and his eyes closed.  The witness called 911 and informed the operator that the vehicle was still in drive and that defendant was not wearing his seatbelt.  While the witness was speaking with the emergency operator, defendant regained consciousness and exited the vehicle.  The witness described defendant as "confused" and "agitated," and observed defendant walk into a wooded area until he was no longer visible.

---

[1] Defendant was also convicted of one count of assaulting, battering, wounding, resisting, obstructing, opposing, or endangering a police officer, MCL 750.81d(1); however, that conviction has not been challenged on appeal.

Shortly after the 911 call, Ottawa County Sheriff's deputies arrived. The deputies employed a canine to track defendant, where he was eventually located leaning up against a tree approximately one hundred yards from his vehicle. Defendant's blood alcohol content was subsequently measured to contain 0.163 grams of alcohol per 100 milliliters of blood. Deputy Anthony Stariha testified that he later inventoried the vehicle and located paperwork in it that contained defendant's name and date of birth, as well as a bank card containing defendant's name.

As previously stated, the jury found defendant guilty of one count of OWI, MCL 257.625(1)(a). This appeal followed.

## II. STANDARDS OF REVIEW

We review "de novo defendant's challenge to the sufficiency of the evidence," and view the evidence "in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). The Court "must defer to the fact-finder by drawing all reasonable inferences and resolving credibility conflicts in support of the jury verdict." *People v Schumacher*, 276 Mich App 165, 167; 740 NW2d 534 (2007).

## III. ANALYSIS

On appeal, defendant contends that there was insufficient evidence presented at trial to prove beyond a reasonable doubt that he was "operating" his vehicle. According to defendant, he was found asleep behind the wheel of his vehicle facing a wooded area and was not at risk of causing a collision. Thus, because he was not "operating" his vehicle, as that term is defined under MCL 257.35a, defendant argues that the prosecutor failed to prove all of the necessary elements beyond a reasonable doubt. We disagree.

In a criminal case, the prosecutor must introduce sufficient evidence to entitle a rational trier of fact in finding all essential elements of the crime were proven beyond a reasonable doubt. *People v Lowrey*, 342 Mich App 99, 122; 993 NW2d 62 (2022). Identity is an essential element of every crime. *People v Bass*, 317 Mich App 241, 263; 893 NW2d 140 (2016). The prosecutor is not required to negate "every reasonable theory consistent with innocence" as long as the elements of the offense are proven beyond a reasonable doubt. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

MCL 257.625(1) states that "[a] person, whether licensed or not, shall not *operate* a vehicle on a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is *operating* while intoxicated." (Emphasis added.) The Michigan Vehicle Code, MCL 257.923 *et seq.*, defines "operating" as "[b]eing in actual physical control of a vehicle." MCL 257.35a(a).

In *People v Wood*, 450 Mich 399, 402; 538 NW2d 351 (1995), the defendant was found unconscious in his vehicle at a drive-through window with a beer can between his legs. The defendant was slumped forward with his head resting on the steering wheel, his foot on the brake pedal, and the vehicle's transmission in drive. *Id*. The defendant moved to suppress the evidence, which the trial court granted reasoning that "the police were not justified in arresting" the

defendant "because they did not see him committing a misdemeanor by 'operating' the vehicle under the influence of intoxicating liquor." *Id*. The Michigan Supreme Court reversed, stating that

> "operating" should be defined in terms of the danger the OUIL statute seeks to prevent: the collision of a vehicle being operated by a person under the influence of intoxicating liquor with other persons or property. Once a person using a motor vehicle as a motor vehicle has put the vehicle in motion, or in a position posing a significant risk of causing a collision, such a person continues to operate it until the vehicle is returned to a position posing no such risk. [*Id*. at 404-405.]

The Court held that because the defendant "put the vehicle in motion and in a position posing a significant risk of collision," and because "[t]he vehicle had not been returned to a position of safety," the defendant was operating the vehicle for purposes of the statute. *Id*. at 405.

In *People v Burton*, 252 Mich App 130, 132; 651 NW2d 143 (2002), the defendant was found asleep behind the steering wheel in his vehicle at a golf course with the engine still running. When questioned by the police, the defendant admitted that he "consumed eight beers earlier that evening" and "drove his truck from one side of the parking lot to the location where it was parked." *Id*. The defendant failed a field sobriety test, and his blood alcohol content was measured at 0.18. *Id*. at 132-133. Relying on *Wood*, 450 Mich at 404-405, this Court held that there was insufficient evidence presented at trial to support defendant's conviction because "[t]here was no evidence that defendant's truck was in motion when the police discovered him," *Burton*, 252 Mich App at 144, and "the evidence did not provide a basis for the jury to properly conclude that defendant's truck was in a position posing a significant risk of causing a collision." *Id*. 143-144. We concluded, therefore, that the "mere fact" that the defendant "was intoxicated and in his truck with the engine running does not establish that he tried and failed to drive while intoxicated." *Id*. at 145.

Defendant argues that, unlike the defendant in *Wood* and like the defendant in *Burton*, his vehicle was not in a position that risked putting the vehicle in motion or a collision. Accordingly, defendant asserts that under these cases, he was not "operating" his vehicle and could not have been found guilty of OWI. This argument ignores, however, that the witness observed defendant drive through an intersection and onto a grassy area where the vehicle came to a stop. The witness also observed that defendant was initially unconscious and "slumped forward" in the driver's seat with the vehicle's transmission still in drive. Unlike both *Wood* and *Burton*, in which no witness actually observed either defendant driving their vehicles, defendant was seen by a witness driving his vehicle across two lanes of traffic and onto a grassy area where the vehicle came to a stop. Therefore, there was sufficient evidence that defendant was observed putting "the vehicle in motion and in a position posing a significant risk of collision," *Wood*, 450 Mich at 405, even if the vehicle had been returned to a position of safety once it stopped. Unlike the defendant in *Burton*, 252 Mich App at 145, defendant's OWI conviction was not solely based on the "mere fact" that the defendant was intoxicated and in his vehicle with the transmission in drive, because testimony was presented at trial that defendant was in "actual physical control" of his vehicle before it came to a stop. See MCL 257.35a(a).

In addition to contesting whether he was "operating" the vehicle, defendant also argues that there was insufficient evidence to identify him as the person who was seen by the witness

driving the vehicle. Defendant contends that the witness's testimony establishes that someone was seen driving the vehicle through the intersection but, because the witness did not immediately stop, the prosecutor could not establish that person was, in fact, defendant. We are, however, required to draw all reasonable inferences in favor of the jury's verdict, and it is irrelevant whether the evidence relied on by the jury was direct or circumstantial. *Nowack*, 462 Mich at 400 ("The scope of review is the same whether the evidence is direct or circumstantial."). Accordingly, the prosecutor was entitled to establish the elements of the crime, including identity, from circumstantial evidence and the reasonable inferences arising from it. See *id.*

The witness testified the he observed a person drive down Woodwind Drive, "coast" across Lakewood Boulevard, and "roll into" the grassy area, where it came to a stop. While the witness did not immediately stop, when he returned, the witness found defendant unconscious behind the wheel in the vehicle. The jury, therefore, was entitled to draw reasonable inferences from the witness's testimony to conclude that the unconscious person found by the witness was the same person who was seen driving moments earlier in the same vehicle, i.e., defendant. Accordingly, we reject defendant's argument that there was insufficient evidence to identify him as the person seen driving the vehicle.

Defendant also contends that the witness's testimony was unreliable because the witness misidentified defendant's license plates. However, the credibility of a witness and the weight given to his or her testimony are matters for the fact-finder to determine, and we will not interfere with those determinations. See *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

Affirmed.

/s/ Brock A. Swartzle
/s/ Kirsten Frank Kelly
/s/ Adrienne N. Young

-4-